**Carmen E. VÁZQUEZ–CARMONA, personally and on behalf of her minor son, CEV, Plaintiffs,**

v.

**DEPARTMENT OF EDUCATION OF the Commonwealth of PUERTO RICO, and the Commonwealth of Puerto Rico, Defendants.**

**CIVIL NO. 16–1846 (GAG)**

United States District Court, D. Puerto Rico.

Signed 05/31/2017

Francisco J. Vizcarrondo–Torres, San Juan, PR, for Plaintiffs.

Lymaris Perez–Rodriguez, Marcia I. Perez–Llavona, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

### ORDER

GUSTAVO A. GELPI, United States District Judge

This case involves review of an administrative resolution of the Puerto Rico Department of Education ("Department of Education"), under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415(i)(2). (Docket No. 4.) Through this amended complaint, Plaintiff Carmen Vázquez–Carmona seeks injunctive and declaratory relief.

■ The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), see 48 U.S.C. §§ 2102–2241, is a bankruptcy-like statute enacted by Congress in June 2016 to help address the financial crisis in Puerto Rico. See generally Peaje Inv. LLC v. García–Padilla, 845 F.3d 505, 509 (1st Cir. 2017) (discussing the statute's purpose). PROMESA includes a temporary, automatic stay provision for debt-related litigation against the government of Puerto Rico. See 48 U.S.C. § 2194(a)-(b). The Department of Education seeks to avail themselves of the stay provision.

■ The PROMESA stay does not apply to this case. Through this action, Plaintiff seeks de novo judicial review of an agency action under IDEA. The relief requested is not monetary damages; rather, Plaintiff seeks injunctive and declaratory relief to enforce a federally protected right. PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights. See § 2106 ("nothing in this chapter shall be construed as ... relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws...."). Therefore, this action is not subject to the PROMESA stay.

Accordingly, the Department of Education's motion for stay (Docket No. 64) is **DENIED**. Plaintiff's supplemental motion in opposition (Docket No. 66) is **MOOT**. The Department of Education's motion for extension of time and leave to reply (Docket No. 67) is **DENIED**.

As previously scheduled, the parties shall appear at the Mediation/Settlement Conference before Magistrate Judge Bruce J. McGiverin on **Monday, June 5, 2017 at 3:00 PM.** (See Docket No. 60). Further the parties shall comply with Judge McGiverin's order at Docket No. 60. Failure to comply with a Court order may be grounds for sanctions pursuant to Rule 16(f). See Fed. R. Civ. P. 16(f)(1)(C) (on motion or *sua sponte*, the Court may issue any just orders, including sanctions, to any party or attorney who "fails to obey a schedule or other pretrial order.").

**SO ORDERED.**