LABORATORIO CLÍNICO IRIZARRY GUASCH, recurrente, *v.* DEPARTAMENTO DE SALUD (DIVISIÓN DE VISTAS ADMINISTRATIVAS), recurrido, LABORATORIO CLÍNICO SANGERMEÑO, opositor recurrido, HOSPITAL METROPOLITANO DE SAN GERMÁN, interventor recurrido, HILDA JUSTINIANO GARCÍA, por sí y en representación de HILDA JUSTINIANO, INC., HÉCTOR M. MORALES MUÑOZ y la SOCIEDAD LEGAL DE BIENES GANANCIALES compuesta por ambos, recurrentes, *v.* OFICINA DE GERENCIA DE PERMISOS y JI SITES DEVELOPERS, LLC, recurridas.

*Número:* CT-2017-0007          *Resuelto:* 3 de agosto de 2017

*Efraín Maceira Ortiz*, abogado de la parte recurrida.

█ PER CURIAM: El 3 de mayo de 2017, la Junta de Supervisión y Administración Financiera para Puerto Rico presentó una petición de quiebra a nombre del Gobierno de Puerto Rico, según lo permite el Título III del *Puerto Rico Oversight, Management, Economic Stability Act* (PROMESA), 48 USC sec. 2101 *et seq.* En lo pertinente, la sección 301(a) del Título III de PROMESA incorporó las secciones 362 y 922 del Código Federal de Quiebras que versan en torno a paralizaciones automáticas de pleitos contra el deudor y su propiedad. 48 USC sec. 2161(a).

El foro apelativo intermedio ordenó la paralización y el archivo administrativo de los casos de referencia. Estos tratan sobre la adjudicación de permisos gubernamentales. En particular, una solicitud de un certificado de necesidad y conveniencia para relocalizar un laboratorio clínico en el Municipio de San Germán y un permiso para construir una torre de telecomunicaciones. Así las cosas, el 18 de julio de 2017 certificamos *motu proprio* y consolidamos dichos casos.

█ El objetivo principal de la paralización es liberar al deudor de presiones financieras mientras se dilucida el procedimiento de quiebra. Véase 3 *Collier on Bankruptcy* Sec. 362.03 esc. 6 ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy", citando a H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)).([1]) Por otro lado, es necesario señalar que tanto los tribunales federales como los estatales tenemos la facultad

---

([1]) Véase, además, *In re Lezzi*, 504 B.R. 777, 779 (2014) (E.D. Penn.) ("The automatic stay applies to a broad range of conduct, but in its most conventional application, the automatic stay restrains pending debt collection litigation, thereby furnishing an obvious benefit to the debtor: a 'breathing spell' ").

inicial de interpretar la paralización y su aplicabilidad a los casos ante nos. *In Mid-City Parking, Inc.*, 332 B.R. 798, 803 (N.D. Ill. 2005) ("Nonbankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed").[2]

En vista de la jurisdicción concurrente que tiene este Tribunal, y examinados los casos ante nuestra consideración, *determinamos que a estos no les aplica la paralización automática de las secciones 362 y 922 del Código Federal de Quiebras*, supra. Lo anterior, debido a que, entre otras cosas, estos no involucran reclamación monetaria alguna contra el Estado. Véanse: *Atiles-Gabriel v. Puerto Rico*, 2017 WL 2709757, 2 (D. PR 2017)(J. Gelpí) (donde se rechazó una interpretación excesivamente amplia de la paralización automática bajo PROMESA y se denegó su aplicación a un procedimiento de hábeas corpus ("The relief sought concerns a person's liberty; it does not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy"); *Vázquez Carmona v. Department of Education of Puerto Rico*, 2017 WL 2352153, 1 (D. PR) (J. Gelpí), donde también se denegó la aplicación de la paralización a un procedimiento de *injunction* ("The relief requested is not monetary damages").

En consecuencia, *se revocan las órdenes de paralización que emitió el Tribunal de Apelaciones, se reactivan los casos y se devuelven a dicho foro para que continúe con los procedimientos a la brevedad posible. Los casos deberán ser atendidos por el panel del Tribunal de Apelaciones que ordenó la paralización. Así también, se exhorta al foro apelativo intermedio a proceder con mayor cautela en el contexto de la quiebra gubernamental aquí involucrada y la parali-*

---

[2] Véanse, también: *In re Lenke*, 249 B.R. 1, 10 (D.Az.2000); *In re Singleton*, 230 B.R. 533, 538–539 (6th Cir.1999); M.B. Culhane y M.M. White, *Bankruptcy Issues for State Trial Court Judges*, 3ra ed., Virginia, American Bankruptcy Institute, 2005, pág. 23.

*zación de pleitos en virtud de PROMESA. Notifíquese inmediatamente.*

*Se dictará sentencia de conformidad.*