Raul GUADALUPE–BAEZ,
et al., Plaintiffs,

v.

Hector PESQUERA, Defendant.

CIVIL NO. 13–1529 (GAG)

United States District Court,
D. Puerto Rico.

Signed 08/29/2017

Javier A. Morales–Ramos, Javier A. Morales Ramos Law Office, San Juan, PR, for Plaintiffs.

Idza Diaz–Rivera, P. R. Department of Justice, San Juan, PR, Rafael B. Fernandez Castaner, Department of Justice, San Juan, PR, Hector J. Ferrer–Rios, San Juan, PR, for Defendant.

## ORDER DENYING STAY UNDER 48 U.S.C. § 2161

GUSTAVO A. GELPI, United States District Judge

Defendant filed a Notice of Automatic Stay, seeking to avail himself of the debt-related litigation stay created by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2102–2241. (Docket No. 80). De-

fendant Pesquera seeks to avail himself of PROMESA's automatic stay, 48 U.S.C. § 2161(a), which incorporates by reference the automatic stay provided by 11 U.S.C. § 922(a). (Docket No. 80). Section 922(a) automatically stays "the commencement or continuation" of proceedings "against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor." For the reasons discussed below, the Court concludes that the stay does not apply to this case.

PROMESA is a bankruptcy-like statute, enacted by Congress in June 2016, which seeks to address the fiscal crisis in Puerto Rico. See generally Peaje Inv. LLC v. García–Padilla, 845 F.3d 505, 509 (1st Cir. 2017) (discussing the statute's purpose). PROMESA also establishes a voluntary, in-court, debt restructuring mechanism ("Title III"), which is modeled on debt reorganization principles for municipalities set forth in Chapter 9 of the Bankruptcy Code. §§ 2161, 2164. Among other things, filing a Title III petition terminates PROMESA's temporary, automatic stay. § 2194(d) (the stay "continues until" the filing of "a case ... under subchapter III."). However, a Title III petition triggers a new automatic stay because § 2161 incorporates by reference 11 U.S.C. § 922 (automatic stay for certain claims against a municipal debt) and 11 U.S.C. § 362 (automatic stay for voluntary and involuntary restructurings). 48 U.S.C. § 2161.

PROMESA established a Financial Oversight and Management Board ("the Board"). 48 U.S.C. § 2121(b). The Board's purpose is to help the Commonwealth "achieve fiscal responsibility and access to the capital markets." § 2121(a). To help achieve this goal, PROMESA includes a temporary, automatic stay for debt-related litigation against the Commonwealth. 42 U.S.C. § 2194(a)-(b). The temporary stay is "limited in nature and narrowly tai-

lored" in order to "ensure all creditors have a fair opportunity to consensually renegotiate terms of repayment" for Commonwealth debts. § 2194(m).

The Board filed a Title III petition on May 3, 2017. In re Commonwealth of Puerto Rico, No. 17–3283 (LTS) (D.P.R. May 3, 2017). This petition terminated the temporary automatic stay under § 2194 and triggered the automatic stay under § 2161.

■ The issue before the Court, whether PROMESA's automatic stay applies to this case, turns on whether a personal capacity claim against a Commonwealth actor "seeks to enforce a claim against the debtor." This issue breaks up into two questions: (1) whether a personal capacity claim for damages seeks to "enforce a claim" within the meaning of PROMESA (and the Bankruptcy Code provisions incorporated by section 2161(a)); and (2) whether the Commonwealth's decision to represent and indemnify Commonwealth officers means that personal capacity claims are "against the debtor."

Section 101(5) PROMESA does not squarely define what constitutes seeking to "enforce a claim against the debtor." The Court has previously held that some cases fall outside the scope the "enforce a claim" language. For example, a petition for writ of habeas corpus and a claim for injunctive relief under the Individuals with Disabilities Education Improvement Act ("IDEA") do not seek to "enforce a claim" within the meaning of the automatic stay provision. Atiles–Gabriel v. Commonwealth of P.R., 256 F.Supp.3d 122, 2017 WL 2709757 (D.P.R. June 23, 2017) (denying stay in a habeas petition); Vazquez–Carmona v. Dep't of Educ. of P.R., 255 F.Supp.3d 298, 2017 WL 2352153 (D.P.R. May 31, 2017) (denying stay in an IDEA claim for injunctive relief). See also Laboratorio Clinico Irizarry Guasch v. Departamento de Salud, 2017 TSPR 145 at * 4, 2017 WL 3526479

(P.R. Aug. 3, 2017) (vacating stay in appeal of administrative review).

■ A section 1983 claim against a Commonwealth actor in his personal capacity does not seek to "enforce a claim" because the Attorney General retains discretion to decide whether to defend and indemnify the Commonwealth actor in the suit. Law 9 provides that every employee or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in their personal capacity "may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person." P.R. LAWS ANN., tit. 32, § 3085. Upon such request, the Attorney General "shall determine in which cases the Commonwealth shall assume legal representation" and subsequently "shall determine whether it is in order to pay the full judgment imposed" on the Commonwealth employee or ex-employee. P.R. LAWS ANN., tit. 32, § 3087.[1] See Ayuso Figueroa v. Rivera Gonzalez, 229 F.R.D. 41, 42 (D.P.R. 2005) (discussing process for application of legal representation under Law 9).

If the Attorney General were to decline representation in a Section 1983 case, Plaintiffs' claim would continue against the Commonwealth actor in his personal capacity, without the benefit of Commonwealth representation. In other words, the Section 1983 complaint would not seek to "enforce a claim against the Debtor."

Altogether, under Puerto Rico law: (1) financial liability on a personal capacity claim is not necessarily "against the debtor"; (2) a personal capacity claim for damages may or may not seek to "enforce a claim" when the Commonwealth elects to provide representation; and (3) in the event the Attorney General were to decline to defend and indemnify the Commonwealth actor, and that Commonwealth actor sought judicial review of such a determination, it would be the Commonwealth actor, not the Plaintiffs, who sought to "enforce a claim against the debtor."

In this case, Defendant Pesquera is sued in his individual capacity as superintendent of the PRPD at the time of the events. The Commonwealth of Puerto Rico is not a party to this case. Plaintiffs' claim is against an individual, not the Commonwealth. Thus, Plaintiffs' claim against Defendant Pesquera does not seek to enforce a "claim against the debtor" under section 922(a). The fact that the Commonwealth has enacted laws to fund the defense of individual-capacity officer suits, or to potentially provide payment of an adverse judgment is a *non sequitur*.

Puerto Rico's unique status and the unparalleled scope of the Commonwealth's obligations to both creditors and citizens, counsel that an "overbroad application of the automatic stay would risk transgressing PROMESA's statutory framework and the boundaries of the Constitution." See Atiles–Gabriel, 256 F.Supp.3d at 128, 2017 WL 2709757; Cruz Rodríguez v. Adm. de Corrección de PR, et al., No. 17–1464 (D.P.R. Aug. 20, 2017) (Young, J.). The Commonwealth's discretion to defend and indemnify personal capacity claims means that personal capacity claims do not "seek to enforce a claim against the Debtor" under PROMESA's stay provisions.

---

1. In the event the Attorney General declines the petition for representation or indemnification of the Commonwealth employee or ex-employee, the "petitioner may file a petition for review of an adverse decision" in Puerto Rico state court. Thus, Puerto Rico law provides that the Attorney General may decline representation of a Commonwealth actor, and in that event, the Commonwealth actor may petition for review of the denial.

For the foregoing reasons, the motion for stay at Docket No. 80 is **DENIED.**

**SO ORDERED.**