| | |
|---|---|
| Javier E. Requena Mercado<br><br>Peticionario<br><br>v.<br><br>Policía de Puerto Rico<br><br>Recurrido<br>────────────────<br>Luis García Castro<br><br>Peticionario<br><br>v.<br><br>Policía de Puerto Rico<br><br>Recurrido | Certiorari<br><br><br>2020 TSPR 113<br><br>205 DPR _____ |

Número del Caso:  CC-2019-472

Fecha:  25 de septiembre de 2020

Tribunal de Apelaciones:

    Panel VII

Abogada de la parte peticionaria:

    Lcda. Luz Ivette Burgos Santos

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General

    Lcdo. Guillermo A. Mangual Amador
    Procurador General Auxiliar

Materia:  Derecho Administrativo: Paralización de Ley Promesa Procedimiento Administrativo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Javier E. Requena Mercado<br><br>Peticionario<br><br>v.<br><br>Policía de Puerto Rico<br><br>Recurrido | | |
| Luis García Castro<br><br>Peticionario<br><br>v.<br><br>Policía de Puerto Rico<br><br>Recurrido | CC-2019-0472 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ.

San Juan, Puerto Rico, a 25 de septiembre 2020.

En Lab. Clínico et al. v. Depto. Salud et al., 198 DPR 790, 792 (2017) (Per Curiam) y Lacourt Martínez et al. v. JLBP et al., 198 DPR 786, 788 (2017) (Per Curiam), este Tribunal unánimemente recalcó la importancia de que los foros judiciales realicen un discernimiento conforme a derecho, al momento de atender pleitos que no conllevan reclamaciones monetarias contra el Estado. Ello, a fin de evitar que erróneamente se decrete la paralización automática de un pleito bajo el Título III de PROMESA, infra.

Hoy, nos vemos precisados a hacer el mismo llamado a los foros administrativos y recordar ese deber al Tribunal

de Apelaciones. Específicamente, en el contexto de la paralización de una impugnación de varias preguntas al examen de ascenso a la Policía de Puerto Rico, la cual no constituye una reclamación monetaria contra el Estado y por ser puramente especulativo razonar que, si prevalecieran los peticionarios, eventualmente serían ascendidos toda vez que la reglamentación aplicable exige otros requisitos y fases adicionales que no forman parte de la controversia que tuvo el foro administrativo ante su consideración.

Con ello en mente, veamos el trasfondo fáctico y procesal de la controversia ante nos.

**I**

Los peticionarios, Sr. Javier E. Requena Mercado y Sr. Luis García Castro, ocupan y ejercen el rango de Teniente I en el Negociado de la Policía de Puerto Rico (Policía de Puerto Rico). El 24 de octubre de 2015, ambos tomaron el examen de ascenso al rango de Capitán a tenor con la Convocatoria Núm. 2015-2, emitida el 19 de agosto del mismo año.[1] Sin embargo, no obtuvieron la calificación mínima requerida para aprobar la prueba escrita.

Por no estar conformes con su puntuación, los peticionarios impugnaron un total de veintiún (21) preguntas del referido examen ante la Junta de Exámenes para Ascenso de los Miembros de la Policía de Puerto Rico (Junta de Exámenes). Sin embargo, sus reclamos no

---

[1]*Convocatoria Especial para Examen de Ascenso a Capitán*. Véase, apéndice del recurso de certiorari, págs. 104-111.

prosperaron; la Junta de Exámenes razonó que los argumentos esgrimidos por éstos eran improcedentes y que el contenido del examen era claro y específico.

Aun en desacuerdo, los tenientes Requena Mercado y García Castro acudieron ante la Comisión Apelativa del Servicio Público (CASP) mediante escritos de apelación. La CASP emitió Resolución en ambos casos, determinando que procedía la desestimación de los mismos. La agencia entendió que, en ausencia de algún señalamiento de discrimen o fraude contra el proceso de examen, carecía de jurisdicción para atender el asunto.

Así las cosas, los peticionarios acudieron al Tribunal de Apelaciones mediante recursos de revisión judicial. El 19 de abril de 2018, el foro intermedio notificó una Sentencia en la cual revocó la determinación de la CASP. Concluyó que la agencia sí tenía jurisdicción para atender la reclamación de impugnación de los peticionarios. En consecuencia, ordenó la continuación de los procedimientos ante la CASP.

En virtud de lo anterior, los tenientes Requena Mercado y García Castro solicitaron la celebración de una vista ante la agencia. No obstante, el 20 de febrero de 2019, la CASP emitió una Orden en ambos casos decretando la paralización automática y archivo administrativo de éstos al amparo del Título III de PROMESA, infra. Al así resolver, la CASP razonó que, de resultar exitosa la impugnación de los peticionarios, ello tendría el efecto de

ordenar su ascenso de manera retroactiva. Según la CASP, lo anterior conllevaría el pago de una nueva compensación salarial, así como el desembolso retroactivo de los haberes. Ello así, la agencia adujo que el caso es uno económico y, por tanto, debía ser paralizado.

No contestes con la nueva determinación de la CASP, los peticionarios acudieron al Tribunal de Apelaciones mediante los recursos de revisión judicial KLRA2019-00154 y KLRA2019-00163, respectivamente. Allí, alegaron que: (1) la impugnación del examen escrito se presentó antes del 18 de diciembre del 2015, por lo que no les aplicaba la paralización automática en virtud de la excepción contenida en la Sección 405(c) de PROMESA, infra; y (2) la impugnación exitosa del examen no conllevaba un ascenso automático ni mucho menos retroactivo, dado que ello dependía del cumplimiento con otros criterios estatutarios y reglamentarios.

El 21 de mayo de 2019, el foro intermedio emitió una Sentencia en los casos consolidados, en la cual confirmó la decisión de la CASP. En primer lugar, descartó la aplicación de la excepción comprendida en la Sección 405(c) de PROMESA, infra. En segundo lugar, concluyó que el resultado de la revisión de los exámenes de ascenso estaba atado a un reclamo monetario por lo que procedía la paralización. En ese sentido, el Tribunal de Apelaciones expresó:

> [L]a solicitud de revisión de las preguntas
> de los exámenes de ascenso hecha por los

recurrentes, de resultar exitosa, estaría inexorablemente vinculada a un posterior reclamo monetario por compensaciones que vayan a la altura del nuevo rango alcanzado. Por esto, no nos resulta dable conceder la desvinculación de la reclamación sobre el ascenso que sugieren los recurrentes, dejando a un lado su efecto monetario.[2]

En desacuerdo con la Sentencia emitida por el Tribunal de Apelaciones, los tenientes Requena Mercado y García Castro acuden ante este Tribunal. Alegan que la impugnación del examen de ascenso no estriba en una reclamación económica contra el Gobierno de Puerto Rico, por lo que no aplica la paralización automática de PROMESA, infra. En esencia, los peticionarios explican que el procedimiento de ascenso cuenta con diferentes etapas. Así, sostuvieron que, de obtener la calificación mínima necesaria para aprobar la prueba escrita, no tendrían derecho a un ascenso automático. En ese sentido, aun si resultaren victoriosos en el proceso de revisión, el ascenso depende del cumplimiento con varios requisitos adicionales. En consecuencia, solicitan que revoquemos el dictamen recurrido y devolvamos el caso a la CASP para que lo atienda en sus méritos. Por su parte, la Policía de Puerto Rico se opuso a la expedición del recurso y reiteró el razonamiento de la CASP y el Tribunal de Apelaciones, en cuanto a que la reclamación de los peticionarios supone una exposición monetaria para el Gobierno de Puerto Rico.

---

[2] Exhibit 1 del recurso de certiorari, pág. 10.

Así las cosas, expedido el recurso ante nuestra consideración y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II**

**A.**

El Congreso de los Estados Unidos promulgó la Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 USC sec. 2101 et seq., con miras a hacerle frente a la precaria situación económica que atraviesa Puerto Rico. Esta ley federal ha viabilizado la restructuración de la deuda del Gobierno de Puerto Rico a través de una petición de quiebra presentada el 3 de mayo de 2017 en virtud del Título III de PROMESA, 48 USC sec. 2161 et seq.[3] Ello trajo consigo la paralización automática de aquellos pleitos que generalmente reclaman, como parte de los remedios, una compensación monetaria. Particularmente, los pleitos presentados – o que pudieron presentarse - contra el Gobierno de Puerto Rico antes de que se iniciara la quiebra. Véase, 48 USC sec. 2161(a); 11 USC secs. 362 y 922; Dpto. de Hacienda v. UGT, 2020 TSPR 17 (res. 21 de febrero de 2020).

La paralización automática no es otra cosa que una protección al deudor de las reclamaciones en su contra, instadas antes de presentarse la petición de quiebra. Véase, Marrero Rosado v. Marrero Rosado, 178 DPR 476 (2010). Dicho de otro modo, la paralización "constituye una

---

[3]In Re: Commonwealth of Puerto Rico, 17-03283 (LTS).

de las protecciones básicas que, de ordinario, ofrece el procedimiento de quiebras al deudor, pues tiene como propósito protegerlo de reclamaciones de los acreedores, a la vez que protege a estos últimos de las reclamaciones de otros acreedores". Dpto. de Hacienda v. UGT, supra; 3 Collier on Bankruptcy, Sec. 362.03 esc. 6 (2019).

Por otra parte, hemos reconocido unánimemente que nuestros tribunales locales poseen jurisdicción concurrente para evaluar si un caso está efectivamente paralizado o, si está sujeto a las excepciones de la referida paralización, en virtud del Título III de PROMESA. Lab. Clínico et al. v. Depto. Salud et al., 198 DPR 790, 792 (2017) (Per Curiam); Lacourt Martínez et al. v. JLBP et al., 198 DPR 786, 788 (2017) (Per Curiam). En los citados casos, enumeramos múltiples recursos contra el Estado, en los que no se estaban realizando reclamaciones monetarias y fueron erróneamente paralizados. A la luz del derecho aplicable, examinaremos la controversia que nos ocupa.

**B.**

Para poner en contexto nuestra determinación, debemos evaluar la letra de la Ley de la Policía de Puerto Rico, Ley Núm. 53-1996, 25 LPRA sec. 3101 et seq.[4], el Reglamento de Personal de la Policía de Puerto Rico (Reglamento de

---

[4]Esta ley fue derogada mediante la promulgación de la Ley del Departamento de Seguridad Pública, Ley Núm. 20-2017, 25 LPRA sec. 3501 et seq. Sin embargo, por tratarse de asuntos ocurridos con anterioridad a su implantación, la referida ley no aplica a este caso.

Personal), Reglamento Núm. 4216 de 11 de mayo de 1990, así como a la Convocatoria Núm. 2015-2 en cuestión. Veamos.

La Ley de la Policía de Puerto Rico, supra, en su Artículo 6(a), facultaba al Superintendente de la Policía a otorgar ascensos, hasta el rango de Capitán, a aquellos miembros de la Policía que cumplieran con los requisitos para ascender por mérito o a aquellos que figuraran en el Registro de Elegibles conforme al Artículo 15 de esta Ley. 25 LPRA sec. 3105(a). Para cumplir con tales funciones, el Superintendente quedaba igualmente facultado para establecer mediante reglamento los requisitos pertinentes a la consideración de ascensos. Íd.

Mas adelante, el Artículo 15(a) de la Ley de la Policía de Puerto Rico, 25 LPRA sec. 3114(a), establecía que los ascensos hasta el rango de Capitán podían concederse por razón de mérito o mediante la aprobación de exámenes. En este último caso, se esperaba que el sistema de exámenes fuese confiable, moderno y científico. Artículo 15(c) de la Ley de la Policía de Puerto Rico, 25 LPRA sec. 3114(c).

Por otra parte, por ser de particular importancia en el presente caso, enfatizamos lo dispuesto en el inciso (d) del Artículo 15 del estatuto, supra:

> (d)Una vez el aspirante haya aprobado el examen y **todos los requisitos necesarios** para formar parte del registro de elegibles, no se le podrá negar el ascenso **de haber el puesto disponible y existan los recursos fiscales para cubrir el efecto presupuestario del ascenso.** (Énfasis suplido). 25 LPRA sec. 3114(d).

Como corolario de lo anterior, el Superintendente de la Policía aprobó el Reglamento de Personal, supra, a los fines de establecer un sistema organizado para la administración del personal basado en el principio de mérito. Particularmente, el Artículo 13 del cuerpo reglamentario instituye, entre otras cosas, las normas que regirán los ascensos de los miembros de la Policía. Así, por ejemplo, dispone que los requisitos de ascenso para la categoría de Capitán se establecerán mediante convocatoria de examen. Sección 13.1(b)(1) del Reglamento de Personal, supra. El documento, invitando al examen de ascenso, deberá incluir los requisitos para tomarlo, incluyendo los factores de medición y el valor asignado a cada uno de estos. Íd.

Mas adelante, el Artículo 13 del Reglamento de Personal, supra, incorpora el Registro de Ascenso. Dicho registro es el equivalente al Registro de Elegibles al que hace alusión la Ley de la Policía de Puerto Rico, supra. Sección 13.1(b)(2) del Reglamento de Personal, supra. El registro contiene los nombres de los miembros de la Policía que hayan aprobado los exámenes de ascenso. La entrada de éstos al listado se realiza en orden descendente, en consideración a la calificación obtenida. Íd.

Así, en virtud de las facultades concedidas mediante legislación y reglamento, el 19 de agosto de 2015, el Superintendente de la Policía emitió la Convocatoria Núm. 2015-2 para examen de ascenso a Capitán. De dicho documento

se desprenden los requisitos que deben cumplir los aspirantes para alcanzar dicho rango. Así también, les advierte sobre el proceso de evaluación.

En principio, las partes VI, VII y IX del referido documento hacen alusión a una prueba escrita que consiste de preguntas de "seleccione la alternativa correcta".[5] Esta primera etapa tiene un valor de ochenta (80) puntos y será requisito para aprobarla contestar correctamente un mínimo de cincuenta y seis (56) preguntas o el 70% del valor de ésta, utilizando la curva estándar.[6] Al mismo tiempo, se resalta concretamente que "para seguir compitiendo en las demás partes de la evaluación, será requisito indispensable aprobar la prueba escrita".[7]

Una vez el aspirante apruebe el examen escrito, se le exige aprobar una serie de adiestramientos. Lo anterior constituye la segunda etapa del proceso de evaluación. Al respecto, la parte VIII de la Convocatoria Núm. 2015-2 establece:

A. Según lo dispuesto en el Artículo VIII del Reglamento para la Administración de Exámenes para Ascenso de la Policía de Puerto Rico, el Superintendente está facultado para exigir otras pruebas con posterioridad a la aprobación del examen escrito. Por ello, **se incluye como un requisito posterior a la aprobación del examen, que el policía apruebe un Adiestramiento en la Academia.** Se dispone que como parte de los adiestramientos de los requisitos post examen, los candidatos a ascenso que ya aprobaron el

_____

[5]Apéndice del recurso de certiorari, pág. 106.

[6]Íd., págs. 106 y 107.

[7]Íd., pág. 106.

examen, tienen que estar debidamente certificados por la Academia en derechos civiles y humanos, según dispuestos en la Constitución del Estado Libre Asociado de Puerto Rico y la Constitución de Estados Unidos; en el uso y manejo de armas de impacto; en el uso de y manejo de dispositivos de control eléctrico; en el uso y manejo de agentes químicos; en el uso y manejo del arma de reglamento; en el uso de fuerza; así como en todo adiestramiento ofrecido al amparo de la reglamentación promulgada bajo el Acuerdo Sostenible de la Policía de Puerto Rico[.][8] (Énfasis suplido).

El cumplimiento con los referidos adiestramientos tiene un valor de quince (15) puntos. Además, se le acreditará al aspirante cinco (5) puntos de acuerdo a su experiencia y/o educación formal.

Se entiende, por tanto, que la aprobación de la prueba escrita en conjunto con la aprobación de los adiestramientos y la puntuación otorgada por los criterios personales, cumplimentan el proceso de evaluación para ascenso. Arribamos a tal conclusión a tenor con lo dispuesto en la parte XII de la Convocatoria Núm. 2015-2, la cual dispone que culminado el proceso de evaluación para el ascenso "[l]os nombres de los(as) que aprueben este proceso **se incluirán en el Registro de Eligibles en orden descendente,** conforme a las calificaciones obtenidas".[9] (Énfasis suplido).

Por otro lado, señalamos que la Convocatoria Núm. 2015-2 advierte que, aun cuando el aspirante haya obtenido la nota de pase, puede ocurrir que sea inelegible para el

---

[8]Íd., pág. 106.
[9]Íd., pág. 108.

ascenso.[10] La parte XI del referido documento establece entre las causas de inelegibilidad, las siguientes: que el aspirante al momento de tomar el examen brinde o reciba ayuda de otro compañero; que el miembro de la Policía haya sido objeto de castigo por falta grave (inelegible para ascenso por un periodo de un (1) año) o por falta leve (inelegible para ascenso por un periodo de seis (6) meses); o, que tuviere querellas administrativas pendientes al publicarse el Registro de Elegibles.[11]

Ahora bien, superado lo anterior, la misma sección aclara en su inciso D, que una vez el aspirante haya aprobado el examen y todos los requisitos necesarios para formar parte del Registro de Elegibles, "no se le podrá negar el ascenso **de haber el puesto disponible y existan los recursos fiscales para cubrir el efecto presupuestario del ascenso**".[12] (Énfasis suplido). Es decir, el ascenso de cualquier aspirante que haya aprobado el examen escrito y que haya cumplido con todos los requisitos para formar parte del Registro de Elegibles, está supeditado a que exista una vacante, así como el capital suficiente para respaldar su efecto económico.

Examinado el derecho aplicable, procedemos a resolver la controversia ante nuestra consideración.

---

[10]Íd., págs. 107-108.

[11]Íd.

[12]Íd., pág. 108.

**III**

En este caso, debemos determinar si la impugnación de varias preguntas de un examen de ascenso para la posición de Capitán en la Policía de Puerto Rico, comprende una reclamación monetaria sujeta a la paralización automática del Título III de PROMESA, supra. Por las razones que expondremos a continuación, contestamos en la negativa.

En resumidas cuentas, los tenientes Requena Mercado y García Castro arguyen que los ascensos en la Policía de Puerto Rico no operan de manera automática. Explican que éstos dependen no solo de la aprobación del examen, sino del cumplimiento con otros criterios estatutarios y reglamentarios. En ese sentido, afirman que la controversia ante la CASP no es un asunto económico y, en consecuencia, no aplica la paralización automática.

Sin embargo, el Tribunal de Apelaciones no lo visualizó así. La preocupación del foro recurrido estriba en la premisa de que, si se resuelve la revisión administrativa a favor de los peticionarios, se tendría que ordenar el ascenso; y con ello, la compensación salarial correspondiente. No le asiste la razón.

Como adelantáramos, el esquema establecido por la Policía de Puerto Rico para conferir un ascenso a un miembro de la uniformada – en este caso al rango superior de Capitán –, consiste de tres (3) fases. La primera, atiende el proceso de evaluación para ascenso. Este proceso consiste a su vez de las siguientes etapas: (1) prueba

escrita; y (2) adiestramientos provistos por la Academia de la Policía. Una vez el aspirante culmine con éxito el proceso de evaluación, pasa a la segunda fase: el Registro de Eligibles. Respecto a la tercera fase del procedimiento – el ascenso propiamente – solo se activa cuando concurren dos (2) cosas: (1) que exista una vacante; y (2) la disponibilidad de fondos para cubrir el efecto presupuestario.

En el presente caso, los tenientes Requena Mercado y García Castro apenas han comenzado con el procedimiento de ascenso. Se encuentran en la **primera fase** de evaluación; particularmente, en la etapa del examen escrito. Aun cuando completaron el mismo, desafortunadamente no alcanzaron la puntuación de pase requerida. Se sabe que de las ochenta (80) preguntas solo contestaron correctamente cincuenta y tres (53), lo cual está por debajo de la métrica establecida. Es por ello que entablaron ante la CASP el presente pleito impugnando su puntuación, así como veintiún (21) preguntas del examen.

Atendiendo la preocupación del tribunal intermedio razonamos que, en el mejor de los casos, si la solicitud de revisión prospera ante la CASP, los peticionarios aún deben cumplir con el restante de los criterios de evaluación para ser considerados para el ascenso. Dicho de otro modo, el pase exitoso de la prueba escrita no repercute en la promoción automática al rango de Capitán. No olvidemos que los tenientes Requena Mercado y García Castro estarían

obligados a aprobar los adiestramientos impartidos por la Academia de la Policía en materia de: derechos civiles y humanos; uso y manejo de armas de impacto; uso y manejo de dispositivos de control eléctrico; uso y manejo de agentes químicos; uso y manejo del arma de reglamento; y el uso de la fuerza. De modo que, solo cuando aprueben el examen escrito y los referidos adiestramientos, se entenderá que los peticionarios cumplieron con todos los requisitos de la primera fase para lograr el ascenso.

Incluso, el cumplimiento con lo anterior tampoco conllevaría la ocupación inmediata al rango de Capitán, toda vez que los peticionarios pasarían a la segunda fase: el Registro de Elegibles. Allí, serían inscritos en orden descendente y de acuerdo con su puntuación. Es decir, el registro estaría encabezado por aquel aspirante con la mayor calificación. En caso de que los peticionarios obtengan una puntuación igual a la de otros aspirantes, se tomaría en cuenta la antigüedad de estos. De manera que, los tenientes Requena Mercado y García Castro incursionarían en una etapa de competición con otros aspirantes, que igualmente cumplieron exitosamente con el proceso de evaluación y calificaron para el ascenso.

Vemos pues, que al final del día la posibilidad de ascenso de los peticionarios dependería de fases adicionales en el procedimiento reglamentario aplicable, que no forman parte de la controversia que tenía ante sí el foro administrativo. Según señalado, la última fase

requiere la concurrencia de la existencia de una vacante y, más importante aún, de la disponibilidad de fondos para respaldar el efecto económico que representaría el ascenso.

Como si lo anterior no fuera suficiente, hay que tomar en cuenta que existen causas para la inelegibilidad de un aspirante para el ascenso. De modo que, aun cuando los peticionarios resultasen victoriosos en el proceso de revisión ante la CASP, su ascenso también está sujeto a que de su expediente personal no surjan ninguna de las causales de inelegibilidad.

Es decir, el resultado positivo de la impugnación del examen escrito apenas constituye el primer escalón que los peticionarios deben alcanzar para seguir compitiendo en las demás partes del proceso de evaluación para el ascenso al rango de Capitán. Resulta claro que en la fase en controversia, no hay aspectos monetarios en controversia. Por consiguiente, no podemos estar de acuerdo con el razonamiento del foro administrativo. Por el contrario, los foros recurridos debieron evaluar con más cautela las particularidades del caso y, así, cumplir a cabalidad su deber de interpretar si un pleito está o no paralizado bajo el Título III de PROMESA, supra.

En definitiva, al examinar las particularidades del caso a la luz del derecho aplicable, resulta forzoso concluir que el remedio solicitado por los peticionarios no radica en una reclamación monetaria. En consecuencia, este caso no está paralizado.

**IV**

Por todo lo anteriormente expuesto, resolvemos que el presente pleito no está paralizado por el Título III del Puerto Rico Oversight, Management, and Economic Stability Act, 48 USC sec. 2101 et seq. En virtud de ello, revocamos la sentencia del Tribunal de Apelaciones y devolvemos el caso a la Comisión Apelativa del Servicio Público para la continuación de los procedimientos.

Se dictará Sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Javier E. Requena Mercado<br><br>Peticionario<br><br>v.<br><br>Policía de Puerto Rico<br><br>Recurrido<br><br>Luis García Castro<br><br>Peticionario<br><br>v.<br><br>Policía de Puerto Rico<br><br>Recurrido | CC-2019-0472 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 25 de septiembre 2020.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se resuelve que el presente pleito no está paralizado por el Título III del Puerto Rico Oversight, Management, and Economic Stability Act, 48 USC sec. 2101 et seq. En virtud de ello, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso a la Comisión Apelativa del Servicio Público para la continuación de los procedimientos.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez emitió la siguiente expresión de conformidad:

"El Juez Asociado señor Colón Pérez está conforme con el curso de acción seguido por una mayoría de este Tribunal en el presente caso, donde -- en esencia -- se resuelve que el mismo no quedó paralizado en virtud de lo dispuesto en la Sec. 301(a) del Título III del *Puerto Rico Oversight, Management and Economic Stability Act* (PROMESA), 48 USCA sec. 2101, *et seq.* Y es que el resultado

al que hoy se llega es cónsono con lo expuesto por éste en sus Opiniones y/o Votos Particulares Disidentes en *Morales Pérez v. Policía de Puerto Rico*, 200 DPR 1 (2018); *Torres Torres v. ELA*, 199 DPR 986 (2018); *Vera González v. ELA,* 199 DPR 995 (2018); y, *Rosa Lydia Vélez v. Departamento de Educación*, 199 DPR 426 (2017)."

La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Martínez Torres concurren sin opinión escrita.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo