Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| María V. Pérez Rodríguez<br><br>Recurrida<br><br>vs.<br><br>Autoridad de Energía Eléctrica de P.R.<br><br>Peticionaria | KLCE202400901 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2019CV11503 (504)<br><br>Sobre: Ley de Represalia en el Empleo (Ley Núm. 115-1991); Procedimiento Sumario Ley Núm. 2 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece ante nos la Autoridad de Energía Eléctrica (AEE o peticionaria) mediante recurso de *Certiorari* en el cual solicita que se revoque la "Resolución" emitida el 13 de junio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante dicho dictamen, el foro primario declaró No Ha Lugar la "Moción Solicitando Paralización de los Procedimientos" presentada por la peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y confirmamos la "Resolución" del TPI por los fundamentos que expondremos a continuación.

---

[1] Notificada el 14 de junio de 2024.

Número Identificador

SEN2024 _____

**I.**

El 17 de julio de 2014, la Sra. María V. Pérez Rodríguez (Sra. Pérez Rodríguez o recurrida) presentó una "Querella" ante el TPI contra la peticionaria.[2] No obstante, dicho procedimiento fue paralizado mediante "Sentencia" el 12 de julio de 2017 debido a la paralización automática de pleitos que entró en efecto luego de que la AEE se acogiera al proceso de quiebra, conforme a las disposiciones de la ley PROMESA, *infra.*

Dos años después, el 1 de noviembre de 2019, la Sra. Pérez Rodríguez nuevamente recurrió al foro primario para presentar una "Querella" sobre represalias y daños y perjuicios. En síntesis, relató que había sido víctima de acoso sexual por parte de su supervisora, la cual generó un ambiente hostil de trabajo que tuvo efectos nocivos sobre su salud mental, por lo cual presentó la antedicha "Querella" en el 2014. Sin embargo, adujo que, a raíz de la paralización del pleito, la peticionaria retomó las acciones en su contra, en clara represalias por sus reclamos. Señaló que, luego de la paralización tuvo que reportarse nuevamente ante su anterior supervisora, que de inmediato restableció un ambiente hostil de trabajo. Además, alegó que se le eliminaron funciones, que no se le consideró para tiempo extra, que sufrió regaños, memorandos y cargos injustificados, y se le intentó afectar su decisión de acogerse a la jubilación por años de servicio.

Luego de varios trámites procesales impertinentes a la controversia ante nuestra consideración, el TPI determinó en la Vista de Conferencia Inicial celebrada el 19 de diciembre de 2019, que el descubrimiento de prueba se limitaría al periodo de 2017 en adelante, obedeciendo a la paralización al amparo del proceso de quiebra. Luego de culminado el descubrimiento de prueba, el 18 de abril de 2024, la AEE presentó "Moción Solicitando Paralización de

---

[2] K PE2014-2054.

los Procedimientos". En ésta, adujo que la reclamación de la Sra. Pérez Rodríguez nació antes de que iniciara el proceso de quiebra, pues la causa de acción se basa en las alegadas represalias por reclamos previos, entiéndase, las acciones alegadas en la "Querella" radicada en el 2014. La peticionaria argumentó que, al no incluirse alegaciones de una causa de acción nueva, posterior al 2017, el foro se encuentra ante una sola causa de acción de daños continuados sujeta a la paralización de procedimientos dispuesta por PROMESA, *infra.*

El 13 de mayo de 2024, la Sra. Pérez Rodríguez presentó "Oposición a Moción Solicitando Paralización de los Procedimientos". En su escrito, argumentó que su reclamación es un "post-petition claim" —las cuales quedan fuera del alcance de las órdenes paralizadoras— pues surge claramente que la reclamación nace ante las acciones intencionales y en represalia que tomó la AEE luego de que los procedimientos de la "Querella" del 2014 fueron paralizados. Asimismo, razonó que no es de aplicación la doctrina de daños continuados, pues la presente reclamación es por una causal y motivos distintos a la reclamación anterior. Finalmente señaló que, el presente asunto de paralización ya fue atendido y adjudicado por el Tribunal en la Vista de Conferencia Inicial, y por tanto constituye la ley del caso que debe regir las decisiones posteriores del pleito.

Evaluadas las mociones presentadas, el 13 de junio de 2024, el TPI declaró No Ha Lugar la "Moción Solicitando Paralización de los Procedimientos". Insatisfecha con la determinación del foro primario, el 1 de julio de 2024, la AEE presentó su "Solicitud de Reconsideración", en la cual esbozó los mismos argumentos levantados en su solicitud de paralización. Asimismo, argumentó que resultaría impráctico continuar el pleito ya que, para la Sra.

Pérez Rodríguez probar su caso, tendría que presentar prueba sobre hechos ocurridos antes del 2017.

El 8 de julio de 2024, la recurrida respondió con su "Oposición a Moción de Reconsideración" en la cual reiteró los argumentos previamente esbozados en su "Oposición a Moción Solicitando Paralización de los Procedimientos". Atendidos los escritos de ambas partes, el 15 de julio de 2024,[3] el foro primario declaró No Ha Lugar la solicitud de reconsideración presentada por la peticionaria. Inconforme la AEE, recurre ante este foro apelativo intermedio y alega la comisión del siguiente error:

> *Primer Error: Erró el Tribunal de Primera Instancia al dictar No Ha Lugar la Moción Solicitando Paralización de los Procedimientos en contra de las disposiciones de la Ley PROMESA y la Ley de Quiebras sobre la paralización automática.*

El 28 de agosto de 2024, este Tribunal emitió una "Resolución" en la cual le concedió a la Sra. Pérez Rodríguez un término a vencer el 3 de septiembre de 2024 para someter su alegato en oposición. A su vez, le advertimos que, de no comparecer dentro del término concedido, procederíamos a dar por perfeccionado el recurso y resolver sin su comparecencia. El mismo día, entiéndase, el 28 de agosto de 2024, la Sra. Pérez Rodríguez sometió "Moción Solicitando Desestimación del Recurso de *Certiorari*". En su escrito, argumentó que la AEE incumplió con la Regla 33 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33(A), por tanto, procedía la desestimación del presente recurso por falta de jurisdicción.

Mediante "Resolución" emitida el 29 de agosto de 2024, concedimos a la AEE un término a vencer el martes 3 de septiembre de 2024 a las 12:00 del mediodía para que mostrara causa por la cual no se deba desestimar el presente recurso, por incumplimiento con la Regla 33 (A) del Reglamento del Tribunal de

---

[3] Notificada el 16 de julio de 2024.

Apelaciones, *Íd.* Según ordenado, el 3 de septiembre de 2024, compareció la AEE con "Oposición a Moción Solicitando Desestimación del Recurso de *Certorari".* No obstante, la Sra. Pérez Rodríguez no presentó su alegato en oposición, según le ordenamos en nuestra "Resolución" del 28 de agosto de 2024. Así las cosas, transcurrido el término para presentar el alegato en oposición al auto de *Certiorari,* procedemos a resolver según advertido.

**II.**

En virtud del poder que le otorga la Cláusula Territorial de la Constitución de Estados Unidos, Art. IV, Sec. 3, Const. EE. UU., LPRA, Tomo 1, el Congreso de Estados Unidos aprobó la Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 USCA sec. 2101 *et seq.*, que entró en vigor el 30 de junio de 2016. Esta legislación fue creada con el propósito de establecer el proceso de reestructuración de la deuda de Puerto Rico. Además, delegó amplios poderes en una Junta de Supervisión y Administración Financiera (en adelante "Junta de Supervisión"). Para cumplir con su propósito, el Título III de PROMESA permite que ciertas entidades del Gobierno de Puerto Rico (denominadas covered entities) puedan hacer una petición de quiebra por conducto de la Junta de Supervisión. Entre las entidades cubiertas por PROMESA se encuentra el Estado Libre Asociado de Puerto Rico.

La Sección 301 de la Ley PROMESA, 48 USC sec. 2161, incorpora a dicha ley las disposiciones referentes a las paralizaciones automáticas (automatic stays) bajo el Código de Quiebras de los Estados Unidos, según recogidas en la Ley de Quiebras Federal, 11 USC secs. 362 y 922. Al amparo de las referidas secciones, cuando alguna de estas entidades cubiertas hace su petición de quiebra ante el Tribunal de los Estados Unidos

para el Distrito de Puerto Rico, se activa una paralización sobre todas las acciones civiles, administrativas o de otra índole que se intenten iniciar o se hayan iniciado contra la entidad con anterioridad a la fecha de la petición de quiebra.

Una vez presentada la petición de quiebra, los tribunales quedan privados de jurisdicción automáticamente, sin necesidad de ser avisados, y no pueden continuar atendiendo los casos en donde se esté reclamando contra el deudor que radicó la petición de quiebra. *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 490–491 (2010). El efecto de la paralización automática es detener los pleitos que involucren reclamaciones monetarias y que se estén llevando contra el deudor al momento de radicar la petición de quiebra o aquellas que hayan podido comenzar antes de la presentación de la petición de quiebra. 11 USC sec. 362(a).

La paralización automática aplica a ciertas acciones. Según dispuesto en el 11 USC 362, esa abarca lo siguiente:

> *(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;*
>
> *(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;*
>
> *(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;*
>
> *(4) any act to create, perfect, or enforce any lien against property of the estate;*
>
> *(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;*
>
> *(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;*

*(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and*

*(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under the title.*

La paralización automática permanecerá hasta que culmine el proceso de quiebra o hasta que el Tribunal Federal levante la paralización, conforme al procedimiento establecido en la Sec. 362(d) de la Ley de Quiebras federal, 11 USC sec. 362 (d). In re Jamo, 283 F.3d 392 (1er Cir. 2002). El Tribunal Supremo de Puerto Rico, al interpretar la paralización automática y su aplicabilidad a los casos ante un proceso de quiebra, ha resuelto que no procede la paralización automática de las secciones 362 y 922 del Código Federal de Quiebras, *supra*, a aquellos casos que no involucren reclamación monetaria alguna contra el Estado. *Lacourt Martínez et al. v. JLBP et al.*, 198 DPR 786 (2017); *Lab. Clínico et al. v. Depto. Salud et al.*, 198 DPR 790 (2017). Ello, pues, "[e]l objetivo principal de la paralización es liberar al deudor de presiones financieras mientras se dilucida el procedimiento de quiebra." *Íd* en la pág. 791.

### III.

En el caso de autos, la AEE solicita la paralización de los procedimientos bajo el fundamento de que, la recurrida pretende alegar hechos que ya fueron alegados en un pleito que hasta la actualidad continúa paralizado. Argumenta que la denegatoria del foro primario de paralizar el presente pleito y permitir la relitigación de la causa de acción contraviene los derechos y protecciones que le amparan durante el proceso de quiebra. No le asiste la razón.

El mero hecho de que exista una relación entre los hechos alegados en la "Querella" del 2014 y la "Querella" del 2019 no significa que en el presente pleito no se esté levantando una causa de acción nueva e independiente a la "Querella" del 2014. Si cumplimos nuestro llamado de interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible, de una lectura de la "Querella" radicada en el 2019 surge que la recurrida alegó represalias que comenzaron posterior al 2017. A saber, la Sra. Pérez Rodríguez relató en su "Querella" de 2019 alegadas hostilidades en su contra que ocurrieron una vez el TPI paralizó el pleito en el 2017 y la recurrida regresó a laborar bajo la supervisión de la empleada cuya conducta denunció en su "Querella" de 2014. Aun considerando lo antes expuesto, aclaramos que este Tribunal no está adentrándose en la adjudicación de la controversia.

Asimismo, la teoría de si la causa de acción constituye daños continuados o daños continuos es materia de juicio, que el foro primario tendrá la oportunidad de dilucidar en su momento. Igualmente, la interrogativa de cómo la recurrida logrará probar sus daños, ante un descubrimiento de prueba limitado al periodo posterior al 2017, es una determinación que no le corresponde a este foro apelativo.

Finalmente, la decisión del Tribunal de Primera Instancia de continuar con los procedimientos nos resulta cónsona con lo resuelto por el mismo foro en la Vista de Conferencia Inicial. Como es de conocimiento, las controversias adjudicadas, y que han cobrado finalidad, no son susceptibles de ser reexaminadas. "Ahora bien, esta doctrina no es un mandato inflexible, sino que recoge la costumbre deseable de que las controversias adjudicadas por un tribunal sean respetadas. En situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende

que sus determinaciones previas son erróneas y pueden causar una grave injusticia, ese foro puede aplicar una norma de derecho distinta". *Cacho v. Hatton,* 195 DPR 1, 9 (2016) (citas omitidas). *Véase* además *Félix v. Las Haciendas*, 165 DPR 862, 843 (2005).

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y confirmamos la "Resolución" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones