ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PADUIL TORRES MÉNDEZ POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON ANABEL ALEMÁN DELGADO; ANABEL ALEMÁN DELGADO<br><br>Recurridos<br><br>V.<br><br>DEPARTAMENTO DE JUSTICIA DE PUERTO RICO, LCDA. INÉS DEL C. CARRAU MARTÍNEZ EN SU CAPACIDAD OFICIAL COMO SECRETARIA DE JUSTICIA; DEPARTAMENTO DE SEGURIDAD PÚBLICA DE PUERTO RICO, PEDRO J. JANER ROMÁN, EN SU CAPACIDAD OFICIAL COMO SECRETARIO DE SEGURIDAD PÚBLICA; NEGOCIADO DE LA POLICÍA DE PUERTO RICO, HENRY ESCALERA RIVERA, EN SU CAPACIDAD OFICIAL COMO COMISIONADO DE LA POLICÍA DE PUERTO RICO; TENT. COR. ROLANDO TRINIDAD HERNÁNDEZ, EN SU CAPACIDAD OFICIAL Y PERSONAL COMO COMISIONADO AUXILIAR EN INVESTIGACIONES CRIMINALES<br><br>Peticionarios | KLCE202400393 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV03817<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de abril de 2024.

Número Identificador

RES2024_____

El Gobierno de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (en adelante, Gobierno o peticionario), nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI) el 21 de febrero de 2024. Mediante esta, el foro primario denegó la solicitud sobre *Aviso de Injunction Paralizando la Litigación del Presente Caso* que presentó el peticionario y mantuvo el señalamiento del juicio pautado para los días 8 al 12 de abril de 2024.

Este Recurso de Certiorari se presentó el pasado 4 de abril de 2024. Junto al recurso, el Gobierno presentó una Moción en Auxilio de Jurisdicción con el fin de paralizar el juicio pautado para los días 8 al 12 de abril, más en Resolución emitida el 5 de abril, la declaramos *No Ha Lugar*.

Evaluado el recurso denegamos la expedición del auto solicitado.

## I.

El 21 de julio de 2020 el señor Pajuil Torres, su esposa y la sociedad legal de gananciales compuesta por ambos incoaron una demanda contra el Gobierno, por conducto de la entonces Secretaria de Justicia. Incluyeron además al Sr. Pedro J. Janer Román en su carácter oficial como Secretario del Departamento de Seguridad Pública, al Sr. Henry Escalera, en su carácter oficial como Comisionado del Negociado de la Policía y el Sr. Rolando Trinidad, teniente coronel de la Policía de Puerto Rico, en su carácter personal y oficial.

En la demanda reclamó violaciones a sus derechos constitucionales, Ley de Derechos Civiles de Puerto Rico, discrimen, hostigamiento laboral y daños y perjuicios. Contra el

Negociado de la Policía, a través de varios funcionarios. En vista de lo anterior reclamó lo siguiente:

> Encuentre que el Demandante Torres Méndez, ha sufrido discrimen y hostigamiento laboral, por la culpa y/o negligencia de los Demandados, le imponga daños y perjuicios a los Demandados en forma solidaria a favor del Demandante Torres Méndez en una suma no menor de $350,000 más los daños por discrimen; le imponga daños y perjuicios a los Demandados en forma solidaria a favor de la Demandante Alemán Delgado en una suma no menor de $200,000 y otra suma en daños y perjuicios a favor de la sociedad legal de gananciales compuesta por los Demandantes no menor de $150,000, y se ordene a todos los Demandados solidariamente al pago de honorarios de abogados y las costas del litigio.

Luego de varios incidentes procesales, el 18 de enero de mayo de 2024 el Gobierno presentó un *Aviso de Injunction Paralizando la Litigación del Presente Caso*. En síntesis, arguyó que el caso debe ser paralizado a la luz del "Puerto Rico Oversight, Management, and Economic Stability Act", (Ley PROMESA, por sus siglas en inglés), 48 USC sec. 2101 et. seq. y a tenor con la Ley de Reclamaciones y Demanda Contra el Estado, Ley 104 de 1955, según enmendada. Adujo que la cuantía reclamada en la Demanda asciende a $700,000, lo que excede los límites de $75,000 o $150,000 establecidos en la Ley 104-1955, según lo dictamina la Orden de 20 de octubre de 2022 emitida por el Tribunal de Quiebras.

El 20 de febrero de 2024 los demandantes-recurridos presentaron una *Moción En Oposición a Aviso de Injunction Paralizando la Litigación del Presente Caso.* Allí reconocieron que, mediante la Orden de 20 de octubre de 2022 emitida por el Tribunal dentro de la petición de quiebra, se permiten la continuación de ciertos pleitos, incluyendo reclamaciones presentadas con posterioridad, siempre que se ajusten a algunas de las disposiciones permitidas como lo puede ser la cuantía reclamada. Bajo ese precepto informaron que, "se permiten

continuar la litigación de ciertas reclamaciones atendiendo a la cuantía que se establezca en daños y perjuicios contra el Estado hasta $150,000. Entendemos por litigante." Sostuvo que la etapa de los procedimientos en que se encuentra el caso no está madura para ser paralizada. Agregó que, luego de que el Tribunal escuche la prueba es que se establece la cuantía por los daños y perjuicios y/o la compensación conforme a Derecho corresponde a juicio del juzgador. Concluyó que el caso debe dirimirse y, en todo caso, lo que podría paralizarse sería la ejecución de la sentencia o dictamen de no poder darse la virtualidad de esta conforme la normativa.

El 21 de febrero de 2024, luego de evaluar los escritos de las partes el foro primario declaró *No Ha Lugar* la solicitud de paralización. El Gobierno solicitó reconsideración. La parte demandante-recurrida se opuso y el 26 de marzo de 2024, el foro primario denegó la solicitud de reconsideración.

Entretanto, el 1ro de abril de 2024, los codemandados presentaron una *Urgente moción solicitando suspensión del juicio* y ese mismo día el foro primario la denegó.

Así las cosas, el 4 de abril de 2024, el Gobierno acudió ante este Tribunal mediante Recurso de *Certiorari* e indica que incidió el foro al:

> Negarse a acatar la orden interdictal emitida el 18 de enero de 2022 por la Sala de Título III-según modificada el 29 de octubre de 2023, que impide la continuación de los procedimientos del caso de título, a pesar de que carece totalmente de jurisdicción para hacerlo.

Junto al recurso, el Gobierno presentó una Moción en Auxilio de Jurisdicción con el fin de paralizar el juicio pautado para los días 8 al 12 de abril, más en Resolución emitida el 5 de abril, la declaramos *No Ha Lugar*. A su vez, le concedimos diez (10) días

a la recurrida para que expusiera su posición al recurso. Transcurrido el término, disponemos:

**II.**

**A.**

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorados et al., 212 DPR ___ (2023), 2023 TSPR 65; Torres González v. Zaragoza Meléndez, 211 DPR ___ (2023), 2023 TSPR 46; McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de certiorari solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., *supra*; McNeil Healthcare v. Mun. Las Piedras I, supra; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *certiorari* la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959). De manera que, los foros apelativos solo intervendremos con el ejercicio de la discreción del foro revisado en aquellas instancias que se demuestre que este último (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera et al. v. Arcos Dorados et al., *supra*; Rivera Durán v. Banco Popular, *supra*, pág. 154.

**B.**

El 3 de mayo de 2017 la Junta de Supervisión y Administración Financiera para Puerto Rico presentó una petición de quiebra a nombre del Gobierno de Puerto Rico, según lo

permite el Título III del Puerto Rico Oversight, Management, Economic Stability Act (PROMESA) 48 USC sec. 2101 *et seq*. En lo pertinente, la sección 301(a) del Título III de PROMESA incorporó las secciones 362 [1] y 922 del Código Federal de Quiebras en torno a paralizaciones automáticas de pleitos contra el deudor y su propiedad. *Íd.*, sec. 2161(a). Lacourt Martínez, et al v. Jta. Lib. et al, 198 DPR 786, 787 (2017); Lab. Clínico, et al v. Depto. Salud et al, 198 DPR 790 (2017).  Ello trajo la paralización automática de aquellos pleitos que generalmente reclaman, como parte de los remedios, una compensación monetaria. Requena Mercado et als. v. Policía, 205 DPR 285, 291 (2020). Véase, además, 48 USC sec. 2161(a); 11 USC secs. 362 y 922; Depto. de Hacienda v. COTIARI, 203 DPR 1049 (2020).  El objetivo principal de la paralización es liberar al deudor de presiones financieras mientras se dilucida el procedimiento de quiebra. Lacourt Martínez v. Jta. Lib. et al, *supra*.

Para ello, se ha reconocido unánimemente que los tribunales locales poseen jurisdicción concurrente para evaluar si un caso está efectivamente paralizado o, si está sujeto a las excepciones de la referida paralización, en virtud del Título III de PROMESA. Requena Mercado et als. v. Policía, *supra*; Lab. Clínico et al. v. Depto. Salud et al., *supra*, pág. 792; Lacourt Martínez et al. v. JLBP et al., *supra*, pág. 788.

Luego de que el Gobierno realizara una petición de quiebra, al amparo del Título III de PROMESA, el 18 de enero de 2022, la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico confirmó el Plan de Ajuste Fiscal.  El foro federal, por voz de la Honorable Jueza Laura Taylor Swain, emitió el *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority (Confirmation Order)* el cual entró en vigor el 15 de marzo de 2022. En lo pertinente, el párrafo 59 del *Confirmation Order* (Orden de Confirmación), dispuso un mecanismo de interdicto en las reclamaciones, que establece lo siguiente:

> 59. Injunction on Claims.
>
> Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, **all Entities who have held, hold, or in the future hold Claims** or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan **are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim** or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, […]

Más adelante, luego de ciertos asuntos procesales, el 20 de octubre de 2022, la Jueza Taylor Swain emitió el *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injuction.* Mediante referida Orden, entre otras cosas modificó lo pautado en cuanto a las reclamaciones de los gastos administrativos para ciertas reclamaciones, entre ellas, la Ley de Pleitos Contra el Estado y autorizó la litigación de referidos casos dentro de los límites estatutarios de $75,000 y $150,000, a saber:

> 5. The requirement to file a proof of Administrative Expense Claim pursuant to decretal paragraph 44 of the Confirmation Order shall not apply to any of the following claims or causes of action arising from and after the applicable petition date with respect to the Commonwealth, ERS, and PBA and prior to the Effective Date: […] (v) claims authorized to be asserted pursuant to 32 LPRA § 3077(a), to the extent the amount of such claim asserted is within such

statutory limitation of $75,000 or $150,000, as applicable.

6. The injunctions contained in section 92.3 of the Plan and decretal paragraph 59 of the Confirmation Order are modified solely to the limited extent of **allowing litigation with respect to claims authorized to be asserted pursuant to 32 LPRA § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution, including any appeals**.

De manera que, mediante la Orden emitida el 20 de octubre de 2022 se modificó el *injunction* para permitir la litigación de los casos bajo la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como Ley de Reclamaciones y Demandas contra el Estado, 32 LPRA Sec. 3077, hasta las etapas apelativas y la ejecución de sentencia; cuando la reclamación se encuentre dentro de los límites de $75,000 o $150,000 que establece referida ley.

**III.**

El Gobierno de Puerto Rico alega en síntesis que en la demanda incoada se solicita que se condene al Gobierno de Puerto Rico al pago de una indemnización en daños y perjuicios ascendente a $700,000. Menciona que esta reclamación no está autorizada por la Ley de Pleitos contra el Estado, dado que excede los topes -de $75,000 y $150,000- establecidos en el mencionado estatuto. Ante ello, entiende que el foro primario quedó privado de jurisdicción para continuar con los procedimientos contra el Estado y debe decretar el archivo administrativo hasta que otra cosa disponga la Sala de Título III.

Luego de evaluar el documento de lo incoado por el Gobierno sobre *Aviso de Injunction paralizando la litigación del caso* y la oposición a este, el Tribunal de Primera Instancia declaró

*No Ha Lugar* la solicitud de paralización de los procesos. Contra esa decisión, el peticionario acude ante nos.

Evaluado el recurso, declinamos intervenir.

El señor Torres Méndez, su esposa y la sociedad legal de gananciales compuesta por ambos, reclamaron una compensación económica por alegados de daños y perjuicios, hostigamiento laboral, ley de derechos civiles, discrimen y otras, contra el Gobierno y varios de sus funcionarios.

Para que prospere la compensación económica, los recurridos primeramente tendrían que demostrar que los demandados incurrieron en los actos que alegan. Luego, corresponde probar los daños y la cuantía de estos. De manera que, aun se desconoce si la reclamación cumple con los límites fijados en la Ley de Pleitos contra el Estado. Así pues, la etapa del procedimiento en que se presenta el caso no es la más propicia para su consideración.

Al considerar la normativa arriba expuesta y los hechos que informa esta causa, no encontramos que la determinación recurrida sea contraria a derecho, que el foro primario haya incurrido en abuso de discreción o que esté presente cualquier otro de los criterios que la Regla 40 de nuestro Reglamento, *supra.* De forma tal que no nos vemos compelidos a ejercer nuestra discreción e intervenir con la determinación recurrida.

## IV.

En virtud de lo antes consignado, resolvemos denegar expedir el auto de *certiorari* solicitado por el Gobierno de Puerto Rico. Devolvemos el caso al foro primario para la continuación de los procedimientos de forma cónsona a lo aquí expresado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones